## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### DOCKET NO. 3:143CV393-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER AND** |
| | ) | **JUDGMENT OF FORFEITURE** |
| v. | ) | **(BY CONSENT)** |
| | ) | |
| APPROXIMATELY $45,100.00 IN | ) | |
| UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on the government's motion for a consent judgment

of forfeiture against a portion of the defendant property accordance with a settlement.

THE COURT FINDS THAT:

1.    A verified complaint for forfeiture *in rem* of the defendant property was filed on July 16, 2014.    The next day, the Clerk issued a warrant for arrest *in rem*.

2.    Process was fully issued in this action and returned according to law. Pursuant to the warrant for arrest *in rem*, as shown by the process receipt and return filed herein on August 4, 2014, the defendant property was deposited into a government suspense account.

3.    Notice was served on Princess Shanta Davis ("claimant") and published as provided by law. The declaration of publication was filed herein on August 21, 2014. Because the parties have settled this matter, the Court will deem the government's motion and the supporting document to constitute, in part, a timely verified claim by Davis for purposes of the jurisdiction of the Court as to Davis and representation of Davis by counsel of record.

4.    Based on the affidavits of DEA Task Force Officer Paul M. Stevens, III, and Department of Justice financial analyst Laura Zach, filed with the complaint, the government has shown probable cause to believe that the defendant property is proceeds of and/or was used or intended to be used to facilitate violations of the Controlled Substances Act, 21 U.S.C. §§ 881 *et seq.*, and that it is therefore subject to forfeiture pursuant to 18 U.S.C. §981(a)(1)(A) and (C) and 21 U.S.C. §881(a)(6), and/or that it was

involved in a transaction by an unlicensed money transmitting business conducted in violation of 18 U.S.C. § 1960, and it is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

5.    The parties have agreed to settlement of all forfeiture matters in accordance with the affidavit and consent form signed by claimant.    No other person has filed a claim herein within the time permitted by law.

6.    As provided in the consent form, the government and claimant have agreed to the forfeiture of $22,550.00, representing one-half of the value of the defendant property, and the return of $22,550.00, which is the remaining amount of seized currency, in full settlement of this matter.

BASED ON THE FOREGOING FINDINGS, THE COURT CONCLUDES that the government is entitled to a judgment of forfeiture by consent against a portion of the defendant property, in the amount of $22,550.00.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The government's motion for a judgment of forfeiture as to $22,550.00 is hereby granted.

2.    Any and all right, title and interest of all persons in the world in or to the following property is hereby forfeited to the United States; and no other right, title, or interest shall exist therein: $22,550.00 in United States currency.

3.    The United States is hereby directed to dispose of the forfeited defendant property as provided by law and to release the remaining $22,550.00 to claimant, in accordance with applicable law and the settlement of the parties.

4.    Each party shall bear its own costs, including attorney fees.

_____
Robert J. Conrad, Jr.
United States District Judge